**In re BASIN RESOURCES CORPORATION, Debtor.**

**John James JENKINS, Chapter 7 Trustee for Basin Resources Corporation, Plaintiff,**

v.

**Marc TOMLINSON, Vearl Sneed, Mats Larsson, and Larry Neese, Defendants.**

Bankruptcy No. 392–32480–HCA–7.

Adv. No. 394–3463.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

April 24, 1995.

---

Joel Held, Mankoff, Hill, Held & Metzger, Dallas, TX, for defendant Vearl Sneed.

James A. Walters, James A. Walters, P.C., Michael W. Bishop, Godwin & Carlton, P.C., Dallas, TX, for plaintiff.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court on January 25 and February 8, 1995, cross motions for summary judgment filed by the Plaintiff and Defendant Vearl Sneed. Prior to the hearing on the cross motions, however, Sneed filed a Motion to Strike the Plaintiff's Motion for Summary Judgment and the Plaintiff's Response to Defendant's Motion for Summary Judgment. The basis for the Motion to Strike was that Plaintiff had failed to comply with Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Texas, made applicable to bankruptcy proceedings by Local Bankruptcy Rule 7007. Rule 5.1(d) requires that a brief setting forth the movant's contentions of fact and law shall be filed with a motion for summary judgment. The Plaintiff did not file a brief with his motion. Additionally, Rule 5.1(e) provides that "any response to a motion shall be filed within 20 days from the date the motion was filed." Plaintiff's response was filed after the 20–day deadline.

Consequently, the Court granted Sneed's motion to strike the following pleadings: "Motion for Summary Judgment of Adversary Plaintiff, John James Jenkins, Trustee" and "Response of Trustee, John James Jenkins, to 'Defendant Vearl Sneed's Motion for Summary Judgment' Filed on or about December 22, 1994." The "Trial Brief of Trustee, John James Jenkins (Including Plaintiff's Response and Brief in Opposition to Memorandum of Authorities in Support of Motion for Summary Judgment Filed by Defendant, Vearl Sneed)" was not stricken. The Court then heard argument on Sneed's motion for summary judgment.

### Background of Adversary Proceeding

This adversary proceeding is brought by the Trustee of the Basin Resources Corporation ("Basin") bankruptcy estate to subordinate the claims of Vearl Sneed and others under 11 U.S.C. §§ 510(b) and (c). Sneed had invested in several oil and gas interests which were labeled "joint ventures" (hereinafter referred to as "Interests"). On November 12, 1991, Sneed filed suit in the United States District Court for the Northern District of Texas against Basin and others ("District Court Suit"). In the District Court Suit Sneed alleged, among other things, that Basin had violated federal securities law by failing to register the Interests as securities. Basin filed for Chapter 7 bankruptcy relief on March 13, 1992. Sneed later settled his claims with other defendants in the District Court Suit. Sneed also filed a proof of claim in the Basin bankruptcy case that incorporated the Complaint he had previously filed in the District Court Suit.

On July 21, 1994, the Trustee filed the present adversary complaint. Causes of action in the Complaint against Sneed are: (1) an objection to Sneed's claim based on accord and satisfaction of the settlement with other District Court Defendants, and (2) subordination of Sneed's claim against the Basin estate pursuant to 11 U.S.C. §§ 510(b) and (c). Sneed's Motion for Summary Judgment requests judgment on all issues.

At the hearing the Court ruled that the Trustee had not met his burden of showing a genuine issue of material fact regarding the issues of accord and satisfaction and § 510(c) equitable subordination. The Court granted summary judgment to Sneed on those issues. The only remaining issue is whether the claim would be subordinated pursuant to § 510(b).

## § 510(b) Subordination/Judicial Admission

██ The Trustee alleges that Sneed's claim arose from rescission of a security or sale of a security of the Debtor or an affiliate of the Debtor, or for damages arising from the purchase or sale of such a security, and should be subordinated pursuant to 11 U.S.C. § 510(b).[1] Sneed alleges that (1) the Interests he purchased were not "securities" and (2) that the companies in which he invested were not "affiliates" of Basin. If Sneed proves either of the two allegations, his claim cannot be subordinated under § 510(b).

Sneed argues that the Interests he purchased were not investment contracts, but were joint venture interests, and do not fall under the Bankruptcy Code definition of "security." The Trustee responds that Sneed, by attaching the District Court Complaint to his proof of claim, judicially admitted that the Interests are "securities." In his Complaint in the District Court Suit against Basin, Sneed stated the following: that the substance of the purchase of the Interests constituted the sale of a security as defined pursuant to Section 2(1) of the Securities Act, that the transactions were not exempt from the securities registration provisions of the Securities Act, and that the failure to register the securities constituted a violation of the registration requirements of the Securities Act. To assist in the determination of whether Sneed made a judicial admission, the Court allowed the Trustee and Sneed to submit letter briefs. Both parties did so before the February 8, 1995, hearing.

Sneed's first argument is that, even if he made a judicial admission in his District Court Complaint, it was only that the Interests constituted securities under the Securities Act, not that they were securities under the Bankruptcy Code. "Security" is defined by the Bankruptcy Code to include an investment contract or certificate of interest or participation in a profit-sharing agreement or in an oil, gas, or mineral royalty or lease, if such contract or interest is required to be the subject of a registration statement filed with the Securities and Exchange Commission under the provisions of the Securities Act of 1933, or is exempt under section 3(b) of such Act from the requirement to file such statement.

11 U.S.C. § 101(49)(A)(xii). *See also*, 11 U.S.C. § 101(49)(B)(vi) (excluding from the definition of security: contracts and certificates not subject to registration and not exempt from registration under section 3(b) of the Securities Act of 1933).

Sneed argues that the above Bankruptcy Code definition differs from the Securities Act definition. The Bankruptcy Code excludes from its definition any interest which is not subject to Securities Act registration unless the interest is exempt from registration under section 3(b) of the Securities Act.[2] He claims that, because some Securities Act securities are not Bankruptcy Code securities, the statements in the District Court Complaint cannot be judicial admissions that the Interests are "securities" under the Bankruptcy Code.

Using Sneed's analysis, the Court sees three distinct categories of "securities" under the Securities Act, two of which are included in the Bankruptcy Code definition.

(1) Securities subject to registration;

(2) Securities exempt from registration pursuant to § 3(b); and

(3) Securities exempt from registration pursuant to exemptions other than § 3(b).

The first two categories of Securities Act securities are encompassed by the Bankruptcy Code definition of "security." The third is not.

Sneed argues that, because some interests fall into this third category, the statement

---

1. Section 510(b) provides:

   For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

2. Section 3(b) of the Securities Act provides one exemption from registration. There are other exemptions.

that the Interests are securities under the Securities Act is not an admission that the Interests are "securities" under the Bankruptcy Code. The fact that some interests may fall into this category, however, does not help Sneed because his District Court Complaint also states that the "transactions were not exempt from the securities registration provisions of . . . the Securities Act." Thus, Sneed has admitted that the Interests do not fall into the category of items that form the alleged difference between the Securities Act and Bankruptcy Code definitions, and therefore that the Interests are securities under the Bankruptcy Code.

Sneed next argues that the doctrine of judicial admission does not apply in this case because the causes of action in the District Court Complaint are plead in the alternative. Sneed, however, did not plead in the alternative. The Complaint alleges fourteen causes of action. Each, however, "repeats, reiterates, and realleges each and every allegation" regarding the nature of the securities and the allegation that they were not exempt from registration.

■ Finally, Sneed asserts that the admission was not made in this adversary proceeding, and therefore merely constitutes an evidentiary admission. The general rule is that factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them. *See, e.g., White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983). Sneed is correct, however, that admissions made in another proceeding are not conclusive and binding judicial admissions. *Universal American Barge Corp. v. J-Chem, Inc.,* 946 F.2d 1131, 1142 (5th Cir.1991). The Trustee, however, asserts that by filing his proof of claim in the Basin bankruptcy case, Sneed made a judicial admission in the present adversary proceeding. Sneed attached a copy of the District Court Complaint to his proof of claim which "incorporated [the District Court Complaint] by reference." Consequently, the issue this Court must determine is whether a proof of claim filed in the general bankruptcy case constitutes, for purposes of a judicial admission, a pleading filed in an adversary proceeding regarding subordination of that claim.

Few other bankruptcy courts have ruled on admissions made in other motions or adversary proceedings in the bankruptcy setting. The Court finds instructive the opinion of Judge Schmetterer in *In re Schraiber,* 141 B.R. 1000 (Bankr.N.D.Ill.1992). That case involved the question of whether a statement made by the Trustee in a contested motion in the general bankruptcy case constituted a judicial admission in a related adversary proceeding. The court made the following observations,

> Adversary proceedings are separate proceedings from the motions filed in the underlying bankruptcy case. As Judge Ginsberg explains in his treatise, "[a]n adversary proceeding is literally a trial within a case. It is a full-blown federal civil proceeding conducted within the context of bankruptcy case." The Seventh Circuit has recently discussed the relationship of bankruptcy and adversary proceedings stating that a bankruptcy case "is often a conglomeration of separate adversary proceedings that, but for the status of the bankrupt party which enables them to be consolidated in one proceeding, would be separate, stand-alone lawsuits." A bankruptcy case is a bundle of related controversies, and trustees must be free to handle each individual controversy separately in order to maximize the value of the estate. Treating all contested matters and adversary proceedings as one controversy and causing the statements made in one matter to be binding in all other matters would be inconsistent with this concept. Therefore, while the statement in the motion may be admissible as an admission of a party-opponent, it is not a judicial admission with conclusive effect because it was not made in the same proceeding.

*In re Schraiber,* 141 B.R. at 1007 (citations omitted).

This analysis works well when it can be decisively said that a certain pleading is part of a certain adversary proceeding or contested matter. The facts of the instant case are not so cut and dry. Although the proof of claim in the instant case was filed in the general bankruptcy case, this adversary is, in effect, an objection to that claim. If this were merely the usual contested matter involving the objection to the claim, there

would be no question that the statements in the proof of claim would be judicial admissions. In objection to claim matters, the proof of claim is seen as the initial pleading. *See In re Simmons,* 765 F.2d 547, 552 (5th Cir.1985). The objection to proof of claim is the responsive pleading. A proceeding to subordinate a claim commenced pursuant to § 510 of the Bankruptcy Code is simply an objection to claim which has the added procedural and substantive requirements of an adversary proceeding. *See* Fed.R.Bankr.P. 7001(8). The adversary complaint, therefore, has the effect of a counterclaim to the proof of claim. Therefore, Sneed's statement in the proof of claim that the Interests are securities is conclusively binding on him. *See, e.g., ARCO/Polymers,* 720 F.2d at 1396.

By attaching the District Court Complaint to his proof of claim, Sneed has judicially admitted that his claim is one "arising from rescission of a purchase or sale of a security ... [or] for damages arising from the purchase or sale of such a security." 11 U.S.C. § 510(b). This admission conclusively defined his claim in such a way so that it met the Bankruptcy Code standard for subordination on the issue of "security." The only other requirement for subordinating Sneed's claim is that the securities be those of "an affiliate of the debtor." *Id.* There has been no showing whatsoever, however, by either party on the "affiliate" issue.

For the above reasons the Court denies the portion of Sneed's Motion for Summary Judgment related to § 510(b) issues. An order consistent with this opinion will be entered forthwith.

### ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT VEARL SNEED'S MOTION FOR SUMMARY JUDGMENT AND RELATED ORDERS

Came before the Court on January 25 and February 8, 1995, cross motions for summary judgment filed by the Plaintiff and Defendant Vearl Sneed. Prior to the hearing on the cross motions, however, Sneed filed a Motion to Strike the Plaintiff's Motion for Summary Judgment and the Plaintiff's Response to Defendant's Motion for Summary Judgment. Pursuant to the oral rulings of the Court at the hearings, and the Memorandum Opinion signed by the Court on the 19th of April, 1995, it is

ORDERED the Motion to Strike the Plaintiff's Motion for Summary Judgment and the Plaintiff's Response to Defendant's Motion for Summary Judgment is GRANTED, and the following pleadings are hereby stricken: "Motion for Summary Judgment of Adversary Plaintiff, John James Jenkins, Trustee" and "Response of Trustee, John James Jenkins, to 'Defendant Vearl Sneed's Motion for Summary Judgment' Filed on or about December 22, 1994." It is further

ORDERED that summary judgment be and hereby is GRANTED to Defendant Vearl Sneed on the following issues: (1) there was no accord and satisfaction of Sneed's Claim as claimed by the Trustee; and (2) there is no basis for subordinating Sneed's claim pursuant to 11 U.S.C. § 510(c). It is further

ORDERED that Defendant Vearl Sneed's Motion for Summary Judgment be and hereby is DENIED on the issue of subordination pursuant to 11 U.S.C. § 510(b).